Moore, J.
Suit was brought by defendant in error against F. A. Wheeler to recover for one month’s rent for store-room in city of Lima.
The court below made a finding of facts, ahd. upon such finding rendered judgment for plaintiff below for the amount claimed. •
To reverse the judgment so rendered this proceeding in error is prosecuted.
The facts so found are—
That the parties, plaintiff and defendant, entered into the-written contract set out in and attached to the answer of de *235 fendant, Wheeler, and defendant Wheeler was in the possession of the premises therein described, as the tenant of plaintiff under said contract on the 16th day of October, 1883.
On the day last named defendant Wheeler gave plaintiff written notice that he desired to use and occupy the premises under the contract for another and second year, but would do so only on condition that certain repairs and betterments were made'to the property by plaintiff. The plaintiff on ascertaining what repairs and betterments were desired and demanded by Wheeler, positively refused to make any, and none were, in fact, made. Defendant Wheeler was informed of the plaintiff’s refusal to make any repairs or betterments to the property, and at once notified the plaintiff through her agent that he would not retain and occupy the premises for another and second year, but would only occupy them until such time as he could get another business room in which to do business. No response was made by plaintiff to Wheeler as to this-notice. All these notices and negotiations were had and given between the parties during the month of October, 1883, and before the expiration of the first year under the contract, and no other or further negotiations were had between the parties.
The defendant, Wheeler, continued to occupy the premises up to and ‘including April 16, 1884, and on that day he vacated the premises and ceased to occupy them further, and tendered the keys and possession to plaintiff, which the plaintiff refused to accept, and for the first time gave the defendant express notice that she regarded him ás a tenant for a second year under the contract, and would look to him for the rents for the remainder of the year. At the time the said notices were given that the premises would not be occupied unless the repairs were made, and also when defendant notified the plaintiff’s agent that he would not retain the premises for a seoond.year, but only till he could get another place, he paid to plaintiff $56.25, being equal in amount as paid per month under the contract which was accepted by plaintiff, and such payments were continued to be made monthly in advance until March 17, which paid the rent until the time the defendant Wheeler vacated the premises.
*236 The contract referred to in the finding by the court provides “ that the lease shall be for one year with the refusal from year to year and to exceed three years at same rent as first year, and-should party of second part wish the benefit of such refusal, he, the party of the second part, agrees to give said party of the first part at least thirty days notice in writing of such desire prior to the expiration of this lease, otherwise said party of the first part shall have the right to lease said business building and cellar at the end of the first year without notice to party of second part.”
This lease shall commence on Nov. 17, 1882, and expire on the 17th day of Nov., 1883, unless renewed as aforesaid.
Upon this finding of facts the court below found as a conclusion of law : That the defendant, Wheeler, was the tenant of the plaintiff for another and second year, and liable to pay rent for the whole of such year, and rendered judgment accordingly.
The general principle is well recognized that where a tenant holds over after the expiration of his term, the law will imply an agreement to hold for a year upon the terms of the prior lease.
It is claimed that this presumption or implication is conclusive, or if not, the facts found by the court below do not overcome or rebut such presumption, or implication. We are cited to the case of Schuyler v. Smith, 51 N. Y., 309, to sustain the doctrine. In that case the tenant gave notice before expiration of his lease, that he would not occupy the premises, but did occupy after expiration of term for three weeks. And the court held the landlord could either treat the tenant as a tress-passer or a tenant holding over for the year. That case may be distinguished from the case at bar in this. In the case at bar the facts show that the tenant notified the landlord that he would continue only upon the condition that certain repairs would be made. This was positively refused. The tenant then notified the landlord that he would not continue to hold under the contract, but would hold for such time until he could get another place suitable for his business, and pai'd rent for one month.
Ferrall & Ohlen and Pillars, for plaintiffs in error.
J. F. Brotherlon, for defendant in error.
In the case cited the only notice given was by the tenant that he would quit, and without further notice or negotiations he continued to hold over. And while the law laid down in the case may be correct, it does not reach the questions made in the case at bar.
In this case the plaintiff was informed that the defendant, Wheeler, would not continue under the former lease, but that he would remain in occupation of the premises until he could get another suitable building, and with such information and knowledge he accepted, without dissent, the month’s rent. This clearly rebuts the implication arising from holding over and that such tenancy is for a year.
In Atlantic National Bank v. Demmon, Supreme Court of Massachusetts, the court held: “A tenant may show that such holding over and payment of rent are not conclusive;” and say that the holding accompanied with the payment of rent is a piece of evidence sufficient of itself, if unexplained and uncontrolled, to raise a fair inference and presumption that the option has been exercised.' and thus to make out a prima facie case. And this is the most that can be said of it, and it is still competent for the tenant to offer opposing evidence. Such evidence contradicts no terms of the lease. It simply shows that the option secured to the tenant has not been exercised.”
The same doctrine is laid down in Woods’ Landlord and Ten-mt, and supported by numerous authorities.
Our own Supreme Court has not furnished us with any authority.
We, therefore, are of the opinion that the court below erred in its application of the law to the facts found, and that the judgment below should have been for the defendant.
The judgment will be reversed, and the court, proceeding to render the judgment that the court below should have rendered, will enter judgment for the defendants below upon the facts found.